**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CIVIL ACTION NO. 05-47-DLB**

**JEFF HALL**                                                                                          **PLAINTIFF**


**vs.**                                    **MEMORANDUM OPINION & ORDER**


**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                     **DEFENDANT**

******************

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and for the reasons set forth herein, hereby reverses and remands the decision of the Commissioner.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff Jeff Hall filed applications for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) benefits on June 30, 2003.  His applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on May 6, 2004, in Prestonsburg, Kentucky.  On July 28, 2004, ALJ William Gitlow issued an unfavorable decision, finding that Plaintiff was not under a disability.  The Appeals Council denied Plaintiff's request for further review by letter dated December 30, 2004.  The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

1

Plaintiff, who was 39 years old at the time of the hearing, completed an eighth grade education and alleges an inability to work beginning on June 19, 2000, due to the following conditions: lower back, left arm, and shoulder pain; left shoulder surgery; pain in his right knee, left foot, and legs; numbness in his legs; burning and tingling in his hands; inability to sleep; and depression and nervousness.  At the hearing before the ALJ, Plaintiff also indicated that he last worked in June 2000, when he was injured in a work-related (mining) accident; and he is unable to read and write.

Having exhausted his administrative remedies, Plaintiff filed the instant action on February 16, 2005.  The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

2

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any relevant time.  (Tr. 15).  At Steps 2 and 3, the ALJ found that Plaintiff's left shoulder (anterior) dislocation and subsequent surgeries, borderline intellectual functioning, and alcohol dependence constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 15-17).  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of light work.  (Tr. 20).  Specifically, the ALJ found that Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; has limited ability to push/pull with his left upper extremity; and can occasionally reach overhead with his left upper extremity, stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds.  (Tr. 20).  The ALJ also found that Plaintiff is illiterate.  (Tr. 20).

Based on these findings, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a mine worker.[1]  At Step 5, the ALJ found that there are a significant number of light and sedentary unskilled jobs that Plaintiff is capable of performing, including housekeeper/cleaner, hand packer, assembler, and benchwork laborer.  (Tr. 20-21).  This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.   Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ erred in "acting as his own medical expert."   In particular, Plaintiff claims that the ALJ improperly rejected limitations imposed by a consultative psychological examiner and two state agency psychologists relating to an alleged adjustment disorder solely because he concluded that the impairment was substance-induced.  In response, the Commissioner argues that "it is the ALJ's duty to consider, compare, and weigh medical evidence."  (Doc. #10, p.3).  The Commissioner also argues that even though the ALJ expressly rejected the opinions of the consultative examiner and state agency psychologists, his hypothetical question to the vocational expert was actually consistent with their findings because it assumed that Plaintiff could only perform unskilled work.  For the reasons that follow, the Court concludes that, absent any evidence that Plaintiff's mental impairments and/or the limitations attendant thereto were causally related to his history of substance abuse, the ALJ erred in: 1) concluding that Plaintiff's anxiety and depression are not medically determinable

_____

[1]Plaintiff worked as a roof bolter and scoop operator.

4

impairments, and consequently, 2) rejecting the opinions of the consultative examiner and state agency physicians.

In this case, Plaintiff alleged disability, in part, based upon depression and nervousness. At his attorney's request, he underwent a consultative psychological evaluation on June 3, 2003. (Tr. 209). During that evaluation, Dr. Barry Adkins interviewed Plaintiff, administered a battery of intelligence tests, and reviewed his records. Plaintiff reported that he drank occasionally, and would probably drink more if he had the money. (Tr. 210). Plaintiff admitted he has "a drinking problem," and that he uses alcohol as a sleep aid. (Tr. 210). Dr. Adkins diagnosed Plaintiff with adjustment disorder with mixed anxiety and depressed mood, alcohol dependence, reading disorder, and borderline intellectual functioning, and noted a Global Assessment Functioning (GAF) score of 50. (Tr. 212). Based on his findings, Dr. Adkins concluded that:

> Mr. Hall's learning potential is marginal and he would have particular problems with information presented in reading or written formats. Mr. Hall would likely not be able to acquire skills rapidly in traditional training sessions because of this factor. He is much more adept at using direct modeling cues. Mr. Hall can understand and retain instructions and could perform simple or repetitive tasks that are within his range of physical capability. He may not be as able to manage the physical stresses of highly strenuous work given his current physical concerns however. Mr. Hall can relate to others at superficial levels and would probably deal adequately with supervisors as long as he does not feel they were expecting him to do more than he can. His tendency to avoid and engage in substance abuse might make him less reliable or consistent however.

(Tr. 213).

Dr. Adkins' findings were corroborated by two state agency psychologists, Drs. Edward Stodola and Ilza Sillers. Both concurred in the diagnoses of borderline intellectual functioning, adjustment disorder, and alcohol dependence, and found mild limitation in

social functioning and moderate limitation maintaining concentration, persistence, and pace.  (Tr. 225-38, 264-76).  Moreover, Stodola and Sillers both completed a mental RFC form, indicating moderate limitations in the ability to understand, remember, and carry out detailed instructions, and accept instructions and respond appropriately to criticism from supervisors.  (Tr. 239-41, 259-61).  Dr. Stodola opined that Plaintiff can: perform simple tasks, maintain concentration, persistence, and pace, get along with co-workers, and adjust to routine work changes.  (Tr. 241).

Despite these remarkably consistent findings, the ALJ concluded at Step 2 that Plaintiff's anxiety and depression are not medically determinable impairments.  In support, he noted the lack of any history of complaints or treatment, and any significant period of sobriety.  (Tr. 16).  Based upon this finding, the ALJ rejected any limitations related to his alleged adjustment disorder at Step 4, noting that "they are based upon a flawed assumption, namely that the condition is non substance induced," and that Plaintiff failed to demonstrate any sustained sobriety necessary to even make a diagnosis.  (Tr. 20). Upon review of the medical evidence, the Court concludes that the ALJ erred in reaching these conclusions without further clarification or explanation from the medical sources themselves or an independent medical expert.  For this reason, remand is required.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED,** with this action **REMANDED.**

6

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered contemporaneously herewith.

Dated this 22nd day of March, 2006.

Signed By:

_David L. Bunning_ DB

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-05-47-JeffHallMOO.wpd

7